**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | | |
|---|---|---|
| JAMELL L. ROUSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-1284 |
| | ) | |
| STEVE KALLIS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER AND OPINION**

Now before the Court is Petitioner Jamell L. Rouson's Motion for Reconsideration of the

Court's order dismissing his petition for habeas corpus relief under 28 U.S.C. § 2241 (Doc. 4).

For the following reasons, his motion is DENIED.

**I. BACKGROUND**

On July 30, 2018, Rouson filed a Petition for Writ of Habeas Corpus pursuant to 28

U.S.C. § 2241, challenging his conviction for two counts of the use of a firearm to commit

murder in furtherance of a drug conspiracy in violation of 18 U.S.C. §§ 924(c) and (j), in light of

*Rosemond v. United States*, 134 S. Ct. 1240 (2014), and, on separate grounds, in light of *United*

*States v. Cureton*, 739 F.3d 1032 (7th Cir. 2014).

On February 22, 2019, this Court summarily dismissed Rouson's Petition because it

found that he could not show his claims fell within the 28 U.S.C. § 2255(e) savings clause.

Specifically, this Court found that Rouson's *Rosemond* claim was not previously unavailable.

*See also, Montana v. Cross,* 829 F.3d 775 (7th Cir. 2016) (holding that a *Rosemond*-type claim

was not previously unavailable under Seventh Circuit case law for the purposes of invoking the

§ 2255(e) savings clause).  The Court found that his *Cureton* claim could not fall within the

§ 2255(e) savings clause and was meritless.  The Court's Judgment (Doc. 3) was entered on

February 28, 2019.  Rouson timely filed this Motion (Doc. 4) pursuant to Fed. R. Civ. P. 59(e)

on March 20, 2019.  He challenges the Court's ruling only on his *Rosemond* claim.

## II. DISCUSSION

In making a Rule 59(e) motion, a moving party may not simply rely upon previously

made and previously rejected arguments.  *Vesely v. Armslist LLC*, 2014 WL 3907114, * 3 (7th

Cir. Aug. 12, 2014) ("[W]e have held that a Rule 59(e) motion is not to be used to 'rehash'

previously rejected arguments").  Instead, in order "[t]o prevail on a Rule 59(e) motion, the

moving party must clearly establish (1) that the court committed a manifest error of law or fact,

or (2) that newly discovered evidence precluded entry of judgment."  *Edgewood Manor*

*Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 770 (7th Cir. 2013) (internal

quotation omitted).

Rouson does not present any newly discovered evidence or establish a manifest error of

law or fact in his Motion.  Rouson argues that this Court's ruling was in error because it failed to

consider *United States v. Moore,* 936 F.2d 1508, 1526 (7th Cir. 1991), which he argues

foreclosed his *Rosemond* claim.  However, *Rosemond* did not have any impact of the holding in

*Moore.*  In *Rosemond v. United States*, 134 S. Ct. 1240 (2014), the Supreme Court clarified the

interplay between aiding-and-abetting liability under 18 U.S.C. § 2 and the substantive firearms

offense in 18 U.S.C. § 924(c), and held that a defendant must have knowledge of the firearm in

advance of the offense to be guilty of aiding and abetting.  *Id.* at 1249.  In *Moore,* the defendant

challenged the sufficiency of the evidence for his firearms convictions under 18 U.S.C.

§ 922(g)(1).  *Moore,* 936 F.2d at 1524.  The Seventh Circuit held that there was sufficient

evidence to convict the defendant under either a constructive possession theory or an aiding and abetting theory for the § 922(g)(1) offenses. *Id.* at 1525-28. Specifically, it held that the evidence in *Moore* was sufficient for aiding and abetting liability under § 922(g)(1), where the defendant engaged in multiple overt acts in furtherance of the crime and "was clearly aware of [the codefendant's] use of a gun in both armed robberies." *Id.* at 1528. However, § 922(g)(1) only requires possession of a firearm—not that it be used in the furtherance of another crime like a § 924(c) offense. Therefore, *Rosemond's* holding regarding the requirement of advance knowledge for a § 924(c) aiding and abetting conviction has no relevance to a § 922(g)(1) conviction, and does not undermine the Seventh Circuit's holding in *Moore.*

Rouson's Motion specifically points to the Seventh Circuit's statement with regards to aiding and abetting liability generally that "[i]t is not necessary that the [aider or abettor] have knowledge of the particular means the principal and the crime uses to carry out the criminal activity." *Id.* at 1527 (*quoting United States v. Beck,* 615 F.2d 441, 453 (7th Cir. 1980). However, nothing in *Rosemond* challenges the validity of this statement. For example, it would still be true within the context of a § 924(c) offense that a defendant could be convicted under an aiding and abetting theory if he knew a firearm was going to be used, but did not know what type of gun. Accordingly, *Moore* does not change this Court's previous ruling that his claim does not fall within the § 2255(e) savings clause.

Rouson also asserts that the Court did not address whether his *Rosemond* claim would have had any merit. However, unless Rouson can show he is eligible to invoke the § 2255(e) savings clause, it is unnecessary for the Court to address the merits of this claim. Regardless of the merits of his claim, he is not entitled to relief.

## III. CONCLUSION

For the reasons stated above, the Petitioner's Motion to Reconsider (Doc. 4) is DENIED.


Signed on this 29th day of April 2019.

*s/ Sara Darrow*
Sara Darrow
Chief United States District Judge